**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

FRANCISCO MARTINEZ RAMIREZ, an individual; CONSUELO MEDRANO SANCHEZ, an individual,

          Plaintiffs,

v.

ROBERT DALE, an individual; NSH LOGISTICS INC. a foreign corporation; NIKOLOZI SHAVERDASHVILI, an individual; DOES II through X; and ROE CORPORATIONS II through X,

          Defendants.

**CASE NO. 2:25-cv-01188-MDC-JAD**

**REPORT AND RECOMMENDATION TO DENY DEFENDANT'S MOTION TO DISMISS (ECF NO. 7)**

This matter was assigned to me per the Court's First amended General Order 2023-11. *See ECF No. 3.* However, not all defendants have appeared and consented to the assignment. Therefore, District Judge Jennifer A. Dorsey was assigned, and she referred to me the *Motion to Dismiss* ("Motion") (ECF No. 7) by defendant Nikolozi Shaverdashvili ("Shaverdashvili") per 28 USC **§** 636. For the reasons below, I **RECOMMEND** the Motion be **DENIED.**

**DISCUSSION**

**I.      BACKGROUND**

This is a personal injury action arising from an alleged vehicle accident. On or about February 20, 2023, plaintiffs' car was struck by another car driven by defendant Robert Dale ("Dale") while Dale was exiting a shopping center. *See* Second Amended Complaint at ¶11, *ECF No. 1-4.* As a result of the collision, plaintiffs' car crossed over several lane of traffic and struck a parked freightliner truck owned by defendant NSH Logistics, Inc. ("NSH"). *Id.* Plaintiffs further allege that defendant Shaverdashvili was an employee of NSH who parked the freightliner at the relevant location, which was a no parking zone. *Id.*

Defendant Shaverdashvili moves to dismiss plaintiffs' Second Amended Complaint (ECF No. 1-4) on the singular ground that parking in a no parking section was not the proximate cause of plaintiffs' injuries.  *See ECF No. 7.*

## II.    LEGAL STANDARD

Dismissal is appropriate under Fed. R. Civ. P. 12(b)(6) where a pleader fails to state a claim upon which relief can be granted.  *Id.*; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A pleader fails to state a claim when it does not give fair notice of a legally cognizable claim.  *Twombly*, 550 U.S. at 555.  Fair notice under FRCP 8 requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id.*  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (*quoting Twombly*, 550 U.S. at 570).  Dismissal is appropriate if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief."  *Barnett v. Centoni,* 31 F.3d 813, 816 (9th Cir. 1994) (citing *Buckey v. Los Angeles*, 957 F.2d 652, 654 (9th Cir.1992)).  "All allegations of material fact are taken as true and construed in the light most favorable to the non-moving party." *Everest & Jennings v. American Motorists Ins. Co.*, 23 F.3d 226, 228 (9th Cir.1994); *see Miree v. DeKalb County*, 433 U.S. 25, 27 n. 2 (1977).

## III.    ANALYSIS

Plaintiffs' negligence clam is governed by Nevada law.  *See Giue v. United States*, No. 2:05-CV-0475-LDG-GWF, 2007 WL 9724915, at *1 (D. Nev. Sept. 21, 2007).  The elements of a negligence claim under Nevada law are: (1) defendant's duty toward a plaintiff, (2) defendant's breach of that duty, (3) that the breach was the actual and proximate cause of the plaintiff's injury, and (4) that the plaintiff

was damaged. *Id.* (citing *Joynt v. California Hotel & Casino*, 108 Nev. 539, 542, 835 P.2d 799, 801 (1992)).

Defendant Shaverdashvili's argues that parking the freightliner in the no parking zone cannot be proximate cause of plaintiffs' injuries as a matter of law. ECF No. 7. According to defendant, "[i]t has been held that parking in a no-parking zone cannot be the proximate cause of an injury when the injury is caused by the independent act of a third person." *ECF No. 7* at 5:5-7 (citing *Gann v. Oltesvig*, 491 F.Supp.2d 771 (N.D. Ill. 2007)). Defendant's argument and reliance on *Gann* is not persuasive.

*Gann* is not persuasive authority because it was reached under Illinois law, not Nevada law, which governs plaintiffs' negligence claim here. Defendant did not cite any Nevada authorities adopting or espousing the holding in *Gann* and I was unable to locate any such authority. *Gann* is also procedurally different because it determined on post-trial motions, based on factual considerations, and not in the context of a motion to dismiss. More importantly, the Nevada Supreme Court has determined that in Nevada, "negligence and proximate cause are factual matters whose determination is essentially within the province of the jury." *Karlsen v. Jack*, 80 Nev. 201, 206, 391 P.2d 319, 321 (1964): *Joynt v. California Hotel & Casino*, 108 Nev. 539, 542, 835 P.2d 799, 801 (1992)(under Nevada law, "questions of negligence and proximate cause are generally questions of fact…"). Thus, in *Karlsen¸* the Nevada Supreme Court found the issue of whether parking on the shoulder of highway was a proximate cause of plaintiff's accident was an factual matter for the jury. *Id.*, 80 Nev. at 206, 391 P.2d at 322.

//

//

//

//

//

3

**IV.    CONCLUSION AND RECOMMENDATION**

For the foregoing reasons,

**I RECOMMEND that** the *Motion to Dismiss* (ECF No. 7) by defendant Shaverdashvili be

**DENIED**.

DATED: November 12, 2025.

IT IS SO RECOMMENDED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and

recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk

of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal

may determine that an appeal has been waived due to the failure to file objections within the specified

time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2)

failure to properly address and brief the objectionable issues waives the right to appeal the District

Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d

1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any

change of address. The notification must include proof of service upon each opposing party's attorney,

or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may

result in dismissal of the action.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25