UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Francisco Martinez Ramirez, *et al.*,<br>Plaintiffs,<br>vs.<br>Nikolozi Shaverdashvili, *et al.*,<br>Defendants. | Case No. 2:25-cv-01188-JAD-MDC<br><br>**ORDER GRANTING MOTION TO PERMIT WITHDRAWAL OF DEEMED ADMISSIONS (ECF NO. 27)** |

Plaintiffs filed a *Motion to Permit Withdrawal of Deemed Admissions* ("Motion") (ECF No. 27). The Court **GRANTS** the Motion for the reasons below.

## I. BACKGROUND

This is a personal injury action arising from an alleged vehicle accident. Defendant Nikolozi Shaverdashvili ("Shaverdashvili") filed a *Motion for Summary Judgment* (ECF No. 25) arguing that his Requests for Admission should be deemed admitted because plaintiffs failed to respond to them timely and that plaintiffs negligence claim therefore fails. *ECF No. 25* at 14, 16, 17. Plaintiffs then filed this Motion, requesting to have any deemed admissions withdrawn. *ECF No. 27*. No defendants filed any opposition to the Motion.

## II. GENERAL LEGAL PRINCIPLES

Federal Rules of Civil Procedure ("Rule") 36(a)(3) states that "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Rule 36(b) further provides that "[a] matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended."

"Rule 36(b) is permissive, not mandatory with respect to the withdrawal of admissions." *Conlon v. United States*, 474 F.3d 616, 621 (9th Cir.2007). However, two requirements must be met under Rule

36(b) before an admission may be withdrawn. First, the merits of the action must be "subserved." *Hadley v. United States*, 45 F.3d 1345, 1348 (9th Cir.1995). Second, the party who obtained the admission must not be prejudiced by the withdrawal. *Id.* The Ninth Circuit states that the first half of the test is satisfied when upholding the admissions would practically eliminate any presentation of the merits of the case. *Id.* Regarding the second half of the test, the party relying on the deemed admissions has the burden to prove that he or she would be prejudiced by its withdrawal. *Conlon*, 474 F.3d at 622 (citing *Hadley*, 45 F.3d at 1348). Moreover,

> The prejudice contemplated by Rule 36(b) is 'not simply that the party who obtained the admission will now have to convince the factfinder of its truth. Rather, it relates to the difficulty a party may face in proving its case, e.g., caused by the unavailability of key witnesses, because of the sudden need to obtain evidence' with respect to the questions previously deemed admitted.

*Id.* (citing *Hadley*, 45 F.3d at 1348).

## III. ANALYSIS

The Court finds good cause to grant the Motion. Foremost, defendants have not filed any opposition to the Motion and therefore consent to it being granted. LR 7-2(d); *see also Haney v. Nangalama*, No. CIV S-11-1218-MCE-CMK-P, 2012 WL 2446137, at *2 (E.D. Cal. June 26, 2012) (granting a motion to withdraw deemed admission when the motion was unopposed). Moreover, Rule 36(b) justifies withdrawing plaintiffs' deemed admissions. Defendants have also failed to carry their burden on showing any prejudice in having plaintiffs' deemed admission be withdrawn at this time. Therefore, plaintiffs' Motion is granted. Plaintiffs' deemed admissions to Shaverdashvili's Requests for Admission are withdrawn.

//

//

//

**III. CONCLUSION and ORDER**

For the foregoing reasons,

**IT IS ORDERED** that:

Plaintiffs' *Motion to Permit Withdrawal of Deemed Admissions* (ECF No. 27) is **GRANTED**. Plaintiffs' deemed admissions to Shaverdashvili's Requests for Admission are withdrawn.

DATED: August 12, 2026.

IT IS SO ORDERED.

_________________________________
Hon. Maximiliano D. Couvillier, III
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.